OPINION
Appellant Scenic View Park Association, Inc. ("Scenic View") appeals the decision of the Stark County Court of Common Pleas that granted summary judgment in favor of Appellees Treasurer of Stark County, Ronald Catlett, Elmer Sommers and Delilah Sommers. The following facts give rise to this appeal. During the late 1960's and early 1970's, Appellee Elmer Sommers developed a subdivision for residential purposes known as Scenic View Allotment, located in Paris Township. At that time, Appellee Sommers set aside two lots, in the development, for public park purposes provided certain conditions were met. Thereafter, some of the residents of the allotment formed a not-for-profit Ohio corporation known as Scenic View Park Association, Inc. Scenic View was incorporated with the State of Ohio on or about July 12, 1973. By warranty deed recorded June 20, 1975, Appellees Sommerses deeded two lots to the association containing the following reverter language: As further consideration for this deed, the Grantee and its assigns herein agree that at any time the within real estate ceases to be used for public park purposes for a period of one year, the real estate herein will revert to the Grantors.
On February 2, 1991, the Ohio Secretary of State canceled Appellant Scenic View's articles of incorporation for failure of the association to file a statement of continued existence. On May 15, 1998, Appellee Ronald Catlett recorded an affidavit, pursuant to R.C. 5301.252, alleging that the lots have not been used for public park purposes for over one year. Subsequently, Appellees Sommerses deeded the two lots back to themselves and thereafter deeded one of the lots to Appellee Catlett. On August 28, 1998, the Secretary of State reinstated Appellant Scenic View as a corporate entity. Appellant filed its complaint on April 5, 1999, for quiet title, ejectment, trespass, fraud and declaratory judgment. Appellees filed their motion for summary judgment on January 24, 2000. The trial court granted appellees' motion for summary judgment on February 25, 2000. Appellant Scenic View timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN A JOURNAL ENTRY DATED FEBRUARY 25, 2000, FINDING THAT THE POSSIBILITY OF REVERTER IN THE WARRANTY DEED RECORDED ON JUNE 20, 1975, WAS TRIGGERED WHEN THE SCENIC VIEW PARK ASSOCIATION, INC.'S, ARTICLES OF INCORPORATION WERE CANCELLED.
Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignment of error. I In its sole assignment of error, Appellant Scenic View argues a genuine issue of material fact exists as to whether the property that is the subject of this appeal was in fact used for public park purposes. We agree. In support of this assignment of error, Appellant Scenic View sets forth several arguments. First, appellant contends that the specific language contained in the deed providing for reversion back to Appellees Sommerses makes no reference to Appellant Scenic View's corporate status. Second, Appellant Scenic View maintains under R.C. 1701.922(A), upon reinstatement of its articles of incorporation, its rights and privileges were restored as if the articles of incorporation had never been canceled. Finally, Appellant Scenic View contends that under R.C. 1701.88(D), even after cancellation of the articles of incorporation, the corporation continued to exist until it was completely liquidated. In its judgment entry of February 25, 2000, the trial court concluded that "[w]hen the corporation created to oversee and run the park ceased to exist the park ceased to exist also." Id. at 3. Upon review of the deed that granted the two lots for use as a public park, we find Appellant Scenic View's first argument persuasive because the deed contains no requirement that a corporation be formed to manage the park. Instead, the only language triggering reversion is that "* * * at any time the within real estate ceases to be used for public park purposes for a period of one year, the real estate herein will revert to the Grantors." Thus, we conclude the cancellation of Appellant Scenic View's articles of incorporation did not terminate its operation as a public park as the deed did not contain such a provision. The only provision contained in the deed that could trigger reversion is the failure to use the property as a public park. The issues of whether reinstatement of the articles of incorporation had a retroactive effect as if the articles had never been canceled and whether the corporation continued to exist until it was completely liquidated is irrelevant. Instead, the relevant evidence is whether the property ceased to be used as a public park for a period of one year or more. In opposition to appellees' motion for summary judgment, Appellant Scenic View submitted the affidavit of Daniel McCray in which he states that the property was used for park purposes every year. Appellees rely on the affidavit of Ron Catlett in which he states the property at issue has not been used as a public park for a period of more than one year and has not been so used for a period of many years. These conflicting affidavits create a material issue of fact concerning whether the property has been used as a public park per the requirements of the deed. Accordingly, appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
 ______________________ Wise, J.
By: Farmer, P.J., and Edwards, J., concur.